**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2859-18T4

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

J.L.,

     Defendant-Appellant.

_____

Submitted April 1, 2020 – Decided June 5, 2020

Before Judges Whipple and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 17-06-0843.

Joseph E. Krakora, Public Defender, attorney for appellant (Michael T. Denny, Assistant Deputy Public Defender, of counsel and on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Dina R. Khajezadeh, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant J.L. appeals from a January 4, 2019 judgment of conviction. Defendant pled guilty to N.J.S.A. 2C:39-7(b)(1), second-degree certain persons not to have weapons, after his motion to suppress evidence was denied by the trial court. He was sentenced to a five-year term with a mandatory five-year parole bar. He raises the following arguments on appeal.

> POINT I
> THE COURT'S CONCLUSION THAT THE WARRANT WAS OBTAINED FOLLOWING THE CORRECT PROCEDURES WAS ERRONEOUS, AND BECAUSE THE WARRANT WAS FUNDAMENTALLY INVALID, THE SEARCH WAS WARRANTLESS, AND SUPPRESSION SHOULD HAVE BEEN GRANTED.
>
> POINT II
> THE WARRANT WAS ISSUED WITHOUT PROBABLE CAUSE AS REQUIRED BY THE FOURTH AMENDMENT AND ARTICLE [ONE] PARAGRAPH [SEVEN] OF THE NEW JERSEY CONSTITUTION.

We agree with defendant's first argument and reverse.

We discern the following facts and procedural history from the court record. On March 12, 2017, defendant's wife, E.L.,[1] sought and telephonically obtained a Temporary Restraining Order (TRO) pursuant to the Prevention of

_____

[1] We use initials pursuant to Rule 1:38-3(c)(12) to protect the identity of an alleged victim of domestic violence.

Domestic Violence Act[2] (PDVA) from a Toms River Municipal Court judge because of an incident that occurred in the home.

The telephonic application was recorded, as is required under Rule 5:7A(b).[3] However, the recording was destroyed after ninety days by the Tom's River Police Department, consistent with its records retention policy. While there is no written or recorded memorialization of it in the record before us, the State asserts that the application for the TRO was conducted in the presence of a Toms River police officer, that E.L. was administered an oath, and the municipal court judge took testimony about current and previous acts of domestic violence by defendant. The municipal court judge then issued the TRO, along with a warrant to search for and to seize weapons for safekeeping pursuant to Rule 5:7A and N.J.S.A. 2C:25-28(j). The warrant allowed officers to seize the following weapons and ammunition: a Smith & Wesson .357

---

[2]   N.J.S.A. 2C:25-17 to -35.

[3]   Under Rule 5:7A(b), a TRO issued telephonically "shall" be "contemporaneously record[ed]" electronically or, where electronic recording is not available, by the judge's longhand notes summarizing what is said. The applicant must be sworn, identify themselves, specify the purpose of the request, and disclose the basis of the application. Ibid. This sworn testimony is deemed to be an affidavit for the purpose of issuing the TRO, and serves as the basis for the judge's finding of exigent circumstances sufficient to excuse the failure of the applicant to appear personally, as well as whether sufficient grounds have been shown to grant the TRO. Ibid.

Magnum, hollow-point bullets, and three shotguns. When officers arrived at defendant's home, they served him with the TRO and executed the search warrant, finding the weapons and ammunition enumerated in the warrant. The next day, defendant was served with a complaint warrant charging one count of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1).

A Grand Jury indicted defendant eighty-one days later, on June 7, 2017, charging fourth-degree possession of hollow-point bullets, N.J.S.A. 2C:39-3(f), and four counts of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1). Defendant's counsel wrote to the Toms River Municipal Court on October 17, 2017, to request the electronically-recorded testimony or the judge's longhand notes pursuant to Rule 5:7A(b). However, the recording of the proceeding had been destroyed, no affidavit was filed with the warrant, and no longhand notes were taken.

Defendant moved to suppress the evidence retrieved from the search, arguing that without the availability of the telephonic record, the search warrant did not comply with procedural requirements of Rules 5:7A(b) and 3:5-3(b)[4] and could not be considered valid.

---

[4] Rule 3:5-3 allows for the issuance of a search warrant upon the sworn oral testimony of an applicant who is not physically present. The procedure

The motion judge disagreed, finding:

> I do not find that the failure to preserve the recording of the telephonic proceedings before [the municipal court judge] . . . affords the defendant the remedy or relief that it seeks. I do not find that this is a deliberate destruction. I do not find it driven by bad faith . . . . And the fact that it was not around after that period of time I do not think is the result of any type of police misconduct or State misconduct. As pointed out . . . the defendant had knowledge of the existence of it, that there was the restraining order hearing itself, and that the indictment was handed down well in advance of the request for this particular piece of evidence. So I do not find that the fact that the recording was not made available or maintained is critical, certainly did not afford the remedy to the defendant that he believes should be available to him.

On November 13, 2018, defendant pled guilty to second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b)(1). This appeal followed.

"Appellate courts reviewing a grant or denial of a motion to suppress must defer to the factual findings of the trial court so long as those findings are supported by sufficient evidence in the record." State v. Hubbard, 222 N.J.

_____

(continued)
mirrors Rule 5:7A(b) in that the applicant must be sworn, identify themselves, specify the purpose of the request, and disclose the basis of their information, which is deemed to be an affidavit for the purposes of issuing the search warrant. R. 3:5-3. Like Rule 5:7A(b), the sworn oral testimony "shall" be recorded electronically or by "adequate longhand notes summarizing what is said." R. 3:5-3.

249, 262, (2015) (citations omitted). We do not, however, defer to the trial court's legal conclusions, which we review de novo. Id. at 263 (citing State v. Gandhi, 201 N.J. 161, 176, (2010)).

When a search warrant is issued under N.J.S.A. 2C:25-28(j), the police are authorized to search for and seize weapons. In State v. Hemenway, the Supreme Court stated that

> before issuing a warrant to search for weapons under the [PDVA], a court must find that there is (1) probable cause to believe that an act of domestic violence has been committed by the defendant; (2) probable cause to believe that a search for and seizure of weapons is "necessary to protect the life, health or well-being of a victim on whose behalf the relief is sought[]"; and (3) probable cause to believe that the weapons are located in the place to be searched.
>
> [239 N.J. 111, 117, (2019) (quoting N.J.S.A. 2C:25-28(f)).]

In State v. Cassidy, the New Jersey Supreme Court determined that a warrant included in a TRO was invalid because the issuing judge who spoke to the domestic violence complainant by telephone did not swear her in, nor did he record his conversations with her or the officer who took the complaint. 179 N.J. 150, 155, 164 (2004), abrogated on other grounds by State v. Edmonds, 179 N.J. 117 (2012). The Court noted "the procedural requirements for a telephonic search warrant are fundamental to the substantive validity of

6

the warrant," and a telephonic authorization will only be deemed the "functional equivalent of a written warrant" when "all of the procedural safeguards . . . to assure the underlying reliability of the judge's decision to authorize the search have been met." Id. at 158. Given the principle the Court adheres to that views "searches and seizures inside a home without a warrant a[s] presumptively unreasonable," it is imperative that "[t]he record of the ex parte proceeding . . . disclose a proper basis" for the TRO and attached warrant. Id. at 164 (alteration in original) (citation omitted). Cognizant of the principles enunciated in Hemenway and Cassidy, we turn to the motion court's analysis herein.

Here, the motion judge found no bad faith on the part of the State in connection with the destruction of the testimony recording in support of the search warrant. And, we do note that "[w]ithout bad faith on the part of the State, 'failure to preserve potentially useful evidence does not constitute a denial of due process of law.'" George v. City of Newark, 384 N.J. Super. 232, 243 (App. Div. 2006) (quoting Arizona v. Youngblood, 488 U.S. 51, 57 (1988)); see also State v. Marshall, 123 N.J. 1, 109-10 (1991) (applying Youngblood's bad faith standard); State v. Mustaro, 411 N.J. Super. 91, 103 (App. Div. 2009). However, the judge did not address the State's obligation to

preserve evidence consistent with the strictures of the Fourth Amendment in cases it prosecutes criminally, nor did he consider the prejudice to defendant of the destroyed evidence.

When evidence has been destroyed, the court must focus on "(1) whether there was bad faith or connivance on the part of the government, (2) whether the evidence . . . was sufficiently material to the defense, [and] (3) whether [the] defendant was prejudiced by the loss or destruction of the evidence." State v. Hollander, 201 N.J. Super. 453, 479 (App. Div.) (citations omitted). "In the absence of bad faith, relief should be granted to a defendant only where there is a 'showing of manifest prejudice or harm' arising from the failure to preserve evidence." State v Dreher, 302 N.J. Super. 408, 489 (App. Div. 1994), abrogated on other grounds by State v. Brown, 170 N.J. 138 (2001) (quoting DeVitis v. N.J. Racing Comm'n, 202 N.J. Super. 484 (App. Div. 1985)).

Here, the manifest prejudice or harm arose from the destruction of evidence by the Toms River Police Department, presumptively just three days after defendant was indicted. Although not explicitly stated, the motion judge's finding that the State acted "without bad faith" is apparently drawn from the Toms River Police Department's ninety-day retention policy.

However, the Toms River Police Department's retention policy is not a valid measure of the State's good faith obligation to preserve evidence it controls in a criminal prosecution. While the matter began as a domestic violence case, the moment the State chose to bring criminal charges against defendant as a result of a search warrant generated under the PDVA, its obligation to preserve evidence arose.[5]

In New Jersey, an accused has a right to broad discovery after the return of an indictment in a criminal case. R. 3:13-3(b); State v. Scoles, 214 N.J. 236, 252 (2013); State v. Hernandez, 225 N.J. 451, 461 (2016). Without any record of the telephonic TRO application to review, we do not have a sufficient factual basis by which to determine whether the municipal court judge properly issued the search warrant. Defendant cannot be faulted for not requesting the recording before its destruction when he was indicted a mere

---

[5] In March 2010, the New Jersey Attorney General issued guidelines for retaining evidence in criminal cases that required each county prosecutor's office to develop and follow its own evidence destruction authorization policy and procedures, which include procedures to be followed regarding both evidence held by the county prosecutor's office as well as evidence held by local law enforcement agencies within its jurisdiction. N.J. Attorney Gen. Dep't of Law and Pub. Safety and the N.J. Prosecutor's Ass'n, Attorney Gen. Guidelines for the Retention of Evidence (March 2010), https://www.nj.gov/oag/dcj/agguide/directives/2010-1evidence-retention.pdf.

three days before the expiration of the ninety-day retention period, notwithstanding the fact that he was served with a complaint-warrant three months earlier.  See R. 3:13-3(b)[6].

Reversed and judgment of conviction vacated.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] Rule 3:13-3(b)(1) provides that the prosecutor's discovery is to be made available to the defendant "upon the return or unsealing of the indictment."

A-2859-18T4